UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JENNIFER RIST THOMPSON,** | CIVIL ACTION NO. |
| Plaintiff, | SECTION: |
| v. | JUDGE: |
| **LABORATORY CORPORATION OF AMERICA** | MAGISTRATE: |
| Defendant. | |

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

Defendant Laboratory Corporation of America ("LabCorp"), pursuant to 28 U.S.C. §§ 1332 and 1446, with full reservation of any and all defenses, objections and exceptions, does hereby remove this action, which had been pending as Case No. 2013-13383 in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana (the "Action"), to the United States District Court for the Eastern District of Louisiana. In support of this Notice of Removal, LabCorp states as follows:

1.   Petition:

On July 24, 2013, Plaintiff Jennifer Rist Thompson filed the Action against LabCorp in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, Case No. 2013-13383, entitled *"Jennifer Rist Thompson versus Laboratory Corporation of America."* The Petition for Damages generally alleges that Plaintiff suffered a permanent nerve injury when blood was drawn from her during her pregnancy. *See* Petition, ¶¶ II and III. Plaintiff further

2121391-1

asserts that, as a result of this alleged injury, she has suffered damages including pain and suffering, disability and loss of function, mental anguish, medical expenses, lost wages and lost earning capacity, and other damages. *See* Petition, ¶ VI.

2. <u>Basis for Jurisdiction in this Court:</u>

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, diversity of citizenship, because: (1) the requisite diversity of citizenship exists between Plaintiff and the diverse defendant, LabCorp; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. <u>Citizenship of Plaintiff:</u>

Plaintiff is, and was at the time the state court action was commenced, domiciled in the state of Louisiana, *see* Petition (Exhibit 1), and is a citizen of Louisiana. 28 U.S.C. § 1332(c).

4. <u>Citizenship of Defendant:</u>

At the time the action was filed, LabCorp was, and still is, a corporation incorporated in the State of Delaware, with its principal place of business in the State of North Carolina. At the time that the action was commenced, LabCorp was not, and still is not, a citizen of the State of Louisiana.

5. <u>Amount in Controversy:</u>

It is facially apparent from Plaintiff's Petition that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.[1] Plaintiff claims that she suffered a permanent nerve injury when blood was drawn from her during her pregnancy, causing her immediate pain and lasting complications, such as pain, weakness, tingling, and nerve damage.

---

[1] Consistent with Louisiana law, Plaintiff has not specifically alleged a monetary amount of damages. *See* La. Code Civ. Proc. art. 893(A)(1) (prohibiting allegations of specific monetary amounts of damages unless necessary to establish a right to a jury trial or jurisdiction or lack thereof).

2

2121391-1

*See* Petition, ¶¶ II and III. Plaintiff further claims that, as a result of this alleged injury, she has suffered damages including pain and suffering, disability and loss of function, mental anguish, medical expenses, lost wages and lost earning capacity, and other damages. *See* Petition, ¶ VI.

Courts have routinely held that damages allegations of the type alleged in this case, including past and future medical expenses, pain and suffering, mental anguish and distress, permanent disability, lost wages, lost income potential, embarrassment, and lost quality and enjoyment of life, are sufficient to facially demonstrate that the amount in controversy for federal jurisdiction is satisfied. *See, e.g., Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (concluding that plaintiff's personal injury petition alleged damages in excess of $75,000 when plaintiff sought damages for medical expenses, physical pain and suffering, mental anguish, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement for injuries sustained to plaintiff' wrist, knee and back); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (where airline lost luggage containing heart medication, contributing to subsequent heart failure, allegations of damages for property, travel expenses, emergency ambulance trip, six-day hospitalization, pain and suffering, humiliation and temporary inability to do housework satisfied the requirement that $75,000 amount in controversy be facially apparent).

Thus, it is readily apparent that Plaintiff's request for numerous items of alleged damages, including past and future pain and suffering, disability and loss of function, mental anguish, medical expenses, lost wages and lost earning capacity, and other damages, places more than $75,000 in controversy. *See, e.g., Gebbia* 233 F.3d at 883.

6. <u>Removal is Timely:</u>

A notice of removal is timely when filed "within thirty days after receipt by the defendant

2121391-1

through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (emphasis added). LabCorp was served on July 29, 2013. This Notice of Removal is timely filed within thirty days of July 29, 2013. 28 U.S.C. § 1446(b).

The United States District Court for the Eastern District of Louisiana embraces the parish in which the state court action was filed, and thus this case is properly removed to this Court under 28 U.S.C. §§ 98(c) and 1441(a).

7.   <u>Removal Without Waiver of Exceptions, Defenses, or Objections</u>

This action is being removed without any waiver of any exception, defense, or objection, state or federal, including but not limited to service, citation, venue, lack of amicable demand, non-joinder of a party, jurisdiction, prematurity, and vagueness.

8.   <u>Pleadings and Process:</u>

Pursuant to 28 U.S.C. § 1446(a), copies of the Petition and citation served on LabCorp are attached hereto as Exhibit 1. No other process, pleadings or orders have been served upon LabCorp in the Action.

Pursuant to 28 U.S.C. § 1446(d), LabCorp is filing written notice of this removal with the clerk of the state court in which the action is currently pending. Copies of the State Court Notice of Removal together with this Notice of Removal are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

9.   <u>Filing Fee:</u>

LabCorp files and presents herewith the appropriate filing fee as required by 28 U.S.C. §1446.

Respectfully submitted,

/s/ Brent A. Talbot
BRENT A. TALBOT, #19174, T.A.
PETER J. ROTOLO, #21848
LORETTA O. HOSKINS, #30558
-of-
CHAFFE McCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Telefax: (504) 544-6095
**ATTORNEYS FOR LABORATORY CORPORATION OF AMERICA**

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August, 2013, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All counsel of record are being served with this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

/s/ Brent A. Talbot

2121391-1